UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCKET MORTGAGE, LLC,

      Plaintiff,

v.

THE GAMERO GROUP, INC.
D/B/A FUNDING L.A. et al.,

      Defendants.
_____/

Case No. 23-10578

HON. MARK A. GOLDSMITH

**OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS (Dkt. 15)**

This case involves a dispute between Plaintiff Rocket Mortgage and Defendants Jennifer Gamero and The Gamero Group, Inc. over a contract pursuant to which The Gamero Group would act as a broker to Rocket Mortgage for loans secured by residential real property. Rocket Mortgage alleges breach of contract and breach of express indemnity agreement against The Gamero Group and seeks money damages, specific performance, and declaratory judgment. Against both Defendants, Rocket Mortgage alleges one count of fraud and seeks only money damages.

Defendants move to dismiss only the fraud count (Count VI) (Dkt. 15).[1] For the reasons stated below, the Court grants the motion as to The Gamero Group with prejudice and denies it as to Ms. Gamero.

---

[1] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motions, the briefing includes Rocket Mortgage's response (Dkt. 20) and the Defendants' reply (Dkt. 17).

# I. BACKGROUND

Rocket Mortgage and The Gamero Group entered into an agreement under which The Gamero Group agreed to perform origination services and submit loan application packages to Rocket Mortgage for loans secured by residential real property. Am. Compl. ¶ 9. Ms. Gamero signed the agreement on behalf of The Gamero Group. Id. ¶ 10. She is also identified as the contact person for The Gamero Group for purposes of the notice section of the agreement. Id.

Rocket Mortgage alleges that The Gamero Group, while performing its obligations under the contract, submitted four loan applications in which it misrepresented the borrowers' incomes. Id. ¶¶ 11, 19. It contends that these loan applications falsely represented that the borrowers received monthly alimony and/or child support payments—and were supported by fraudulent documentation in the form of altered court orders. Id. ¶¶ 19–21.

Rocket Mortgage contends that Defendants owed, separately from its obligations under the agreement, a "duty not to defraud, mislead, or otherwise intentionally deceive Rocket Mortgage." Id. ¶ 54. It alleges that Defendants violated these duties when submitting the fraudulent loan applications by "maliciously, deliberately, willfully making false material representations of fact with respect to, among other things, [The Gamero Group's] business practices, capabilities and operations, the borrowers' income and assets and the nature and quality of the subject Loans." Id. ¶ 55. Rocket Mortgage alleges that this was done with the full knowledge, approval, and active participation of Ms. Gamero and that both Defendants engaged in the fraud scheme "with specific and malicious intent to defraud Rocket Mortgage and induce it to fund the Loans." Id. ¶ 19.

Defendants move to dismiss the fraud claim. For the reasons explained below, the Court grants the motion as to The Gamero Group with prejudice and denies it as to Ms. Gamero.

## II. ANALYSIS[2]

Defendants move to dismiss the fraud claim on the ground that it is barred by the Hart doctrine.[3] Mot. at 4–6. In Hart v. Ludwig, 79 N.W.2d 895 (Mich. 1956), the Michigan Supreme Court addressed a negligence claim for nonperformance of an oral agreement to care for and maintain the plaintiffs' apple orchard. The court held that the plaintiffs could not maintain their negligence action because the defendant's actions breached only the terms of the contract. Id. at 897. "When the cause of action arises merely from a breach of promise," the court explained, "the action is in contract." Id. (punctuation modified). The threshold inquiry into whether a tort claim may be brought by one party to a contract against another, therefore, is whether the plaintiff alleges "a breach of duty separate and distinct from a breach of contract." Garden City Osteopathic Hosp. v. HBE Corp. 55 F.3d 1126, 1134 (6th Cir. 1995).

### A. The Gamero Group

The Hart doctrine bars Rocket Mortgage's fraud claim against The Gamero Group. The Gamero Group entered into a contract with Rocket Mortgage to originate and provide applications for loans. The basis for Rocket Mortgage's fraud claim against The Gamero Group is that The Gamero Group acted fraudulently with respect to four of the loans originated pursuant to that agreement; in other words, the claim arises from The Gamero Group's alleged failure to comply with its contractual responsibilities. Am. Compl. ¶¶ 19–22, 55–56. The duty Rocket Mortgage

---

[2] To survive a motion to dismiss, a plaintiff must allege "facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

[3] Plaintiff refers to the Hart doctrine as the economic loss doctrine. While the economic loss doctrine is very similar, it only applies to contracts governed by the Uniform Commercial Code. Covenant Steel Warehouse, Inc. v. Arauco North Am., Inc., 2021 WL 3401208, at *3 n.3 (E.D. Mich. Aug. 4, 2021). The Hart doctrine applies to contracts governed by the common law, such as this one. Id.

alleges The Gamero Group violated is clearly not "separate [or] distinct" from its contractual obligations.

In its response to the motion to dismiss, Rocket Mortgage does not appear to dispute that the Hart doctrine bars its fraud claim against The Gamero Group. Rather, Rocket Mortgage states that it is "willing to dismiss Count IV without prejudice," as further discovery could lend support to a fraud in the inducement claim against The Gamero Group. Resp. at 1.

The Court is not persuaded by Rocket Mortgage's argument that dismissal should be without prejudice. As explained above, Rocket Mortgage's fraud claim against The Gamero Group fails as a matter of law, as barred by the Hart doctrine; therefore, dismissal with prejudice is appropriate. See Korenchuk v. CitiMortgage, Inc., No. 12-cv-12692, 2014 WL 645250, at *4 (E.D. Mich. Feb. 19, 2014) ("Because the Court finds that Plaintiffs' breach of contract claim fails as a matter of law, Plaintiffs' breach of contract claim . . . is dismissed, with prejudice.").

### B. Jennifer Gamero

At this stage in the proceedings, the Court cannot say, as a matter of law that the Hart doctrine does or does not bar Rocket Mortgage's fraud claim against Ms. Gamero, as it is unclear whether she is a party to the agreement. In Michigan, an individual corporate officer will generally not be held "liable for his corporation's engagements unless he signs individually, and where individual responsibility is demanded the nearly universal practice is that the officer signs twice— once as an officer and again as an individual." Livonia Bldg. Materials Co. v. Harrison Const. Co., 742 N.W.2d 140, 146 (Mich. Ct. App. 2007) (punctuation modified).

Here, there is no overt indication that Ms. Gamero intended to be bound both in her official capacity and personally. Ms. Gamero signed the agreement only once. See Agreement at 19 (Dkt. 20-1). Under her name, "President/Broker" is listed as her title—which is further indication that

4

she signed only in her official capacity. See Livonia Bldg. Materials Co., 742 N.W.2d at 146 (finding an official's signature to be a "corporate signature" where the word "President" was typed under his signature); see also Wright v. Drury Petroleum Corp., 201 N.W. 484, 485 (Mich. 1924) (finding the words "Executive Board" alongside an officer's signature to mean that the officer "signed the corporate name in that character and capacity alone"). If Ms. Gamero is not a party to the agreement, the Hart doctrine does not bar Rocket Mortgage's fraud claim against Ms. Gamero. See Emmet v. Franco, No. 16-cv-11211, 2016 WL 4396059, at *7 (E.D. Mich. Aug. 18, 2016) (finding that the economic loss doctrine does not bar claims against defendants who were not parties to the contracts at issue). If, however, factual development shows that she is a party to the agreement, the doctrine will come into play.

The Gamero Group argues that the claim against Ms. Gamero must be barred alongside the claim against The Gamero Group, as "the scope of an agent's liability matches the liability of the principal." Reply at 2–3. This is incorrect. An officer can be held personally liable for fraud without an associated corporation being held liable. See Bush v. Hayes, 282 N.W. 239, 240 (Mich. 1938) ("[W]e are not aware of any principle which will exempt a person from personal responsibility for fraud committed in a double capacity . . . . To set up official responsibility as the only one existing is equivalent to claiming that the bank is liable for the cashier's fraud, and the cashier himself not liable. . . . the active wrong-doer is always responsible for his own frauds.") (punctuation modified). The fact that the Hart doctrine bars Rocket Mortgage's claim against The Gamero Group has no bearing on Rocket Mortgage's ability to allege fraud against Ms. Gamero.

5

### III.  CONCLUSION

For the reasons explained above, the Court grants Defendants' motion to dismiss Count IV of the amended complaint (Dkt. 15) as to The Gamero Group with prejudice and denies Defendants' motion as to Ms. Gamero.

SO ORDERED.

Dated: February 20, 2024                              s/Mark A. Goldsmith
Detroit, Michigan                                     MARK A. GOLDSMITH
                                                      United States District Judge